May I please report? I'm going to be quite brief. The only point I want to make is that this is a perfect illustration of the structure the legislature has set up for parents who have been found to have neglected a child and that child has been placed in foster care. In this particular case, with her grandmother, Melvin Bean. Now, on fitness under the Adoption Act, under those circumstances, to not consist of doing something, it can consist of doing nothing, because the legislature has provided that a parent under those circumstances must make reasonable progress towards regaining custody of the child during every nine-month period that that child is in a foster home. And reasonable progress has been defined by the court as measurable or demonstrable movement towards returning the child within the near future. Now, that's exactly what this father didn't do. The mother was surrendered for parental rights. For four and a half years, he treaded water. He visited with the child, but he never even got close to a position where he could regain custody. He completed parenting classes and anger management classes during the first year, but after that, he almost completely rejected counsel, which was one of the requirements of the service plan. He never had a home of his own for more than temporarily. He never had a job of his own for more than temporarily. He never paid child support. Now, the other aspect that the legislature has provided is that a parent under those circumstances must comply with a service plan. Service plans are arbitrarily adopted documents. They're adopted in an administrative case review in which the parents are encouraged to attend, and the parents can appeal from a service plan. The testimony of the social worker here was that the father never complied with any of the service plans that were in effect during that four-and-a-half-year period. Now, the reason the legislature has done that is because if a parent does nothing to regain custody in the near future, then that actually is a deterioration in the situation because the child, who longer is away from the parent, loses the parental bond and in many cases gets bonded to another person. In this case, all the testimony is that Melba is bonded to. Let me ask you a question, Mr. Scruti, if I could interrupt you for a second. Oh, if you're not interrupting, sure. Okay. The case starts in April of 06. Yes, your Honor. All right. And on March 4, 2009, the caseworker says the appellant has completed his goals. And then they added a psychological evaluation, right? So we're three years into it, he's completed all his goals, and now we've got a new one. That's, respectfully, your Honor, that's not exactly what happened. At that particular point, the father had employment and a home of his own, but he lost those. It turned out that he wasn't able to maintain employment and he wasn't able to maintain a home of his own. But at a hearing, if you've to get your child back, if you screw up after that and you lose your job or you do something different, new case. Not exactly, your Honor. For one thing, we didn't have to prove any single nine-month period. For a finding of unfitness, we only had to prove that the father failed to make reasonable progress during any nine-month period. So even if you find, even if this Court finds that the father had made reasonable progress during that nine-month period or under that particular service plan, we still are entitled to a finding of unfitness because of his rather obvious failures to make progress during other nine-month periods. A finding of unfitness is not defined in terms of whether the father could have successfully petitioned for return of the child at any given point. A finding of unfitness is defined in the statute, and it's defined in the statute as failure to make progress during any nine-month period. Are there further questions from the Court? I don't believe there are. Thank you very much. Thank you, Counsel. We appreciate the arguments of Counsel, the argument of Counsel, the briefs of Counsel, and we'll take the case under advisement. The Court will be in a short